UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MICHAEL EUGENE SHUBERT,

   Petitioner,

v.             No. 1:22-CV-00188-H

DIRECTOR, TDCJ-CID,

   Respondent.

### OPINION AND ORDER

  Petitioner Michael Eugene Shubert, a self-represented state prisoner, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction and life sentence for capital murder. Respondent filed an answer with copies of Petitioner's relevant state-court records, arguing that the petition is untimely and, alternatively, that Petitioner failed to establish that the state court's rejection of his claims was objectively unreasonable. Dkt. Nos. 14, 17. Respondent also filed a supplemental appendix containing records relevant to the timeliness of Petitioner's petition, including excerpted mail logs from TDCJ. Dkt. No. 18. Petitioner filed a reply. Dkt. No. 21. Petitioner also filed a motion to strike Respondent's supplemental appendix, Dkt. No. 25, and a motion to stay any decision on the timeliness issue, Dkt. No. 27. As explained below, the Court denies both the motion to strike and the motion to stay and concludes that the petition is untimely and without merit.

**1. Background**

  A Taylor County jury found Petitioner guilty of capital murder on March 21, 2019, in cause no. 12558-D in the 350th Judicial District Court. The State did not seek a death sentence, so Petitioner was automatically sentenced to life imprisonment without the

possibility of parole. The Seventh Court of Appeals affirmed his conviction, and the Texas Court of Criminal Appeals (TCCA) refused his petition for discretionary review.

Petitioner filed a state application for writ of habeas corpus on July 9, 2021, but the TCCA denied it on October 27, 2021 without written order on the findings of the trial court without a hearing and on the court's independent review of the record.

Petitioner filed this federal petition on December 2, 2022.[1] The Court understands Petitioner to challenge his conviction and sentence on these grounds:

1) The trial judge aided the State by allowing the introduction of prejudicial evidence in violation of a motion in limine;

2) The trial court abused its discretion when it denied the defense's challenge for cause to venireperson no. 27;

3) He received ineffective assistance of counsel (IAC) when his trial attorneys failed to:
    a. challenge for cause venireperson no. 3,
    b. adequately challenge the State's theory that the victim's dogs, which were present during the murder, knew Petitioner and would not have barked at him,
    c. investigate and present mitigating evidence regarding footprints, blood spatter, and DNA testing,
    d. investigate and present character evidence challenging the State's depiction of Petitioner,
    e. advance the theory that Ms. Hill was the real murderer,
    f. object to prosecutorial misconduct,
    g. investigate and adequately prepare for trial,
    h. present evidence challenging the credibility of a Ms. Hill,
    i. remain loyal to Petitioner when they discussed a "bad guy getting away" during voir dire, and
    j. object to the State's violation of the motion in limine and request a mistrial;[2] and

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (providing that a prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing).

[2] Petitioner listed thirteen grounds for relief, with each allegation of IAC separated into a distinct ground. For the sake of convenience, the Court groups Petitioner's IAC claims, Grounds 3–12 together here as subsections a–j under Ground 3.

> 4) The State erred by misrepresenting evidence, violating known rules and laws, and making statements not supported by evidence.

Dkt. No. 2.

Respondent argues that the Court should deny Petitioner's claims and dismiss the petition with prejudice because it is barred by the applicable statute of limitations. Additionally, Respondent argues that the Court must defer to the State Court's determination of state-law issues and deny Grounds 1 and 2. Respondent also asserts that Petitioner's ineffective-assistance-of-counsel claims are unsupported by the record and without merit and that the TCCA reasonably rejected them. Finally, Respondent contends that the TCCA's denial of Petitioner's prosecutorial misconduct claim was reasonable. Thus, Respondent argues that even if the petition were timely, Petitioner is not entitled to federal habeas relief.

## 2. Discussion

The Court has reviewed Petitioner's pleadings, Respondent's answer, and the state court records submitted by Respondent. The Court finds that an evidentiary hearing is not necessary to resolve the instant petition. *See Young v. Herring*, 938 F.2d 543, 560 n.12 (5th Cir. 1991) (explaining that "a petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction").

### A. Petitioner's claims are time barred.

#### i. Statute of Limitations

Petitioner's petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA establishes a one-year limitation on filing federal habeas corpus petitions. Specifically, 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In "rare and exceptional circumstances," the doctrine of equitable tolling may preserve a Petitioner's claims when the strict application of the statute of limitations would be inequitable. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Larry v. Dretke*, 361 F.3d 890, 896-97 (5th Cir. 2004). Equitable tolling does not apply when an applicant has "failed to diligently pursue his rights." *Larry*, 361 F.3d at 897. Additionally, the Petitioner must show that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010).

### ii. Relevant Timeline

It is undisputed that Petitioner's conviction became final on March 22, 2021, when his time for filing a petition for writ of certiorari expired. Thus, absent any tolling, Petitioner's federal petition was due one year later, on March 22, 2022. Petitioner's state habeas application was properly filed and tolled the limitations period for 110 days, making his federal petition due on July 11, 2022. But Petitioner did not file his federal petition until December 2, 2022—more than four and a half months late.

Petitioner acknowledges that his petition was filed after the expiration of the limitation period. He argues that he should be entitled to equitable tolling because he was not timely notified when his state habeas application was denied.

Respondent submitted authenticated records showing that Petitioner received special mail from the TCCA on November 2, 2021, seven days after the TCCA denied his state habeas application. Dkt. No. 18-1 at 4. Thus, Respondent asserts that Petitioner did receive timely notice of the state court's decision and urges the Court to find that the petition was over four months late. But Respondent also argues that, even if the Court accepts as true Petitioner's contrary assertion that he did not receive timely notice, the state-court records reflect that he was sent a second notice of the TCCA's denial on September 9, 2022, in response to his status request.[3] Dkt. No. 17-1 at 229. And yet Petitioner waited twelve weeks after the second notice before filing his federal petition. So, although Respondent concedes that Petitioner was diligent in his efforts at various points before he received notice of the state court's decision, the records demonstrate that he failed to exercise reasonable diligence after he received notice of the state court's decision.

### iii.     Petitioner's Motions

Petitioner moved to strike Respondent's supplemental records, arguing that the mail logs are incomplete and that they do not prove he received actual notice of the denial; they only show that he received some type of mail from the TCCA. He also submitted his own supplemental evidence—a declaration under penalty of perjury that he did not receive the white card denial from the TCCA and he believes the mail reflected in the mail logs was the TCCA's acknowledgment of his change of address. Dkt. No. 26. Finally, he filed a motion

---

[3] Petitioner admits that he received this notice, but he contends that it was not delivered until September 19, 2022. Dkt. No. 27.

asking the Court to stay any decision on the timeliness of his petition for 90 days while he seeks additional records with help from an attorney.

The Court denies the motion to strike Respondent's supplemental records. First, the Court finds that it was not improper for Respondent to submit only a redacted excerpt of the relevant portion of the authenticated mail logs. Petitioner makes no argument that anything relevant or favorable was omitted from the records submitted. Second, Petitioner's argument that the mail logs do not show the substance of the mail he received goes to the weight of the evidence rather than its admissibility. The Court considers the supplemental records as well as Petitioner's unsworn declaration.

The Court also denies the motion to stay a decision on the timeliness of the petition. First, Petitioner requested that the Court stay its decision for 90 days. But more than 90 days has elapsed since he filed his motion, and he has not submitted any additional records or argument related to the timeliness issue. Second, Petitioner suggests that he has obtained help from an attorney, but no attorney has entered an appearance in this case. Finally, the Court notes that both Petitioner's motion to strike and his motion to stay were filed more than a year after Respondent submitted the records and briefing was completed in this case. This case is ripe for disposition and the parties have already submitted sufficient records and briefing for the Court to make an informed determination on the relevant issues.

### iv. Discussion and Conclusion

Petitioner has not shown that the strict application of the statute of limitations would be inequitable. There is some evidence that Petitioner received timely notice of the TCCA's decision. But even taking Petitioner's declaration—that the mail he received from the TCCA one week after its denial was something different—he acknowledges that he received the September 9, 2022 letter. The September 9 letter put him on notice that his federal

petition was already late, but he still waited more than ten weeks before filing this action. The Court cannot say that Petitioner acted diligently after receiving delayed notice of the denial of his habeas application. *See Jackson v. Davis*, 933 F,3d 408, 411 (5th Cir. 2019) (collecting cases); *Stroman v. Thaler*, 603, F.3d 299 (5th Cir. 2010) (finding a lack of diligence where the petitioner waited seven weeks to file a federal petition after receiving delayed notice that his state habeas application was denied). Thus, Petitioner is not entitled to equitable tolling, and the petition must be dismissed with prejudice as barred by the one-year statute of limitations.

### B.   Petitioner has failed to overcome AEDPA's deferential standard.

Alternatively, even if the Court considered Petitioner's claims timely, it would deny the petition as without merit.

#### i.   Legal Standard

Section 2254 provides federal courts with an important, but limited opportunity to review a state prisoner's conviction and sentence. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011) (explaining that the statute is "designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions"). This statute, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) creates a "highly deferential standard for evaluating state-court rulings, . . . which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal quotation marks omitted).

Once a state a state court has rejected a claim on the merits, a federal court may grant relief on that claim only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination

of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A state-court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Pierre v. Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (explaining that a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Federal habeas relief is precluded even when the state court's factual determination is debatable. *Id.* at 303. State-court factual determinations are entitled to a "presumption of correctness" that a petitioner may rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This "deference extends not only to express findings of fact, but to the implicit findings of the state court." *Ford v. Davis*, 910 F.3d 232, 234–35 (5th Cir. 2018).

Moreover, "federal habeas relief does not lie for errors of state law," and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991); *West v. Johnson,* 92 F.3d 1385, 1404 (5th Cir. 1996). AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002). Federal habeas review is reserved only as a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Richter,* 562 U.S. at 102–03. This standard is intentionally "difficult to meet." *Id.*

Finally, federal habeas review is limited "to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster,* 563 U.S. 170, 181–82 (2011). In short, to overcome AEDPA's highly deferential, difficult standard, a petitioner "must show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny . . . relief was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans v. Davis,* 875 F.3d 210, 217 (5th Cir. 2017).

    ii.    **Discussion**

Petitioner raised these claims in his state habeas proceedings, and the TCCA denied them on the merits.[4] And Petitioner has failed to show that the TCCA's rejection of his claims was contrary to or involved an unreasonable application of clearly established federal

---

[4] Under Texas law, denial of a habeas petition, rather than a dismissal, suggests that the state habeas court's adjudication of claims was on the merits. *See Salazar v. Dretke,* 419 F.3d 384, 398–99 (5th Cir. 2005).

law or was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.

Petitioner's first two grounds raise state-law issues related to the admissibility of evidence and jury selection. But it is well established that "errors of state law, including evidentiary errors, are not cognizable in habeas corpus." *Derden v. McNeel*, 978 F.2d 1453, 1458 (5th Cir. 1992). Rather, federal courts may review errors of state law only if they "rise to a constitutional dimension," *id.*, and "render the trial as a whole fundamentally unfair." *Nelson v. Estelle*, 642 F.2d 903, 907 (5th Cir. 1981). As explained by Respondent, Petitioner fails to establish that the trial court committed any actual error with respect to Grounds 1 and 2, much less error of a constitutional dimension. Thus, the Court concludes that the TCCA reasonably rejected these claims, and Petitioner is not entitled to relief on Grounds 1 and 2.

Next, Petitioner raises ten grounds alleging that he received IAC from his trial counsel. The well-known standard for judging Petitioner's contentions is articulated in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Under the two-pronged *Strickland* test, a petitioner must show that counsel's performance was both deficient and prejudicial. *Id.* at 687. In the context of Section 2254(d), the deferential standard that must be given to counsel's representation must also be considered in tandem with the deference that must be accorded state-court decisions, which has been called "doubly" deferential. *Richter*, 562 U.S. at 105. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Here, Petitioner's IAC claims were adjudicated on the merits in his state-court proceeding, and the denial of relief was based on a factual determination that will not be

overturned unless it is objectively unreasonable in light of the evidence presented in the state-court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). As part of the state habeas review process, the trial court gathered affidavits from Petitioner's attorneys and made findings of fact and conclusions of law, recommending that the TCCA deny Petitioner's ineffective-assistance-of-counsel claims. Dkt. No. 17-1 at 196–215. The trial court submitted these findings and conclusions to the TCCA, and the TCCA denied Petitioner's habeas application without written order on the findings of the trial court and on the court's independent review of the record. Dkt. No. 14-18.

Based on the record in this case, and as thoroughly addressed by Respondent, the state court reasonably concluded, consistent with the Supreme Court's *Strickland* standard, that Petitioner failed to show that his trial attorneys' performance was deficient or that he suffered any harm as a result.

Petitioner's final ground alleges prosecutorial misconduct. Federal courts' review of prosecutorial comments is a "narrow one of due process," *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). So, Petitioner must show that the prosecutor's actions were so egregious as to infect the trial with unfairness. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). But the state habeas court found that "[n]one of the examples of alleged 'prosecutorial misconduct' provided by [Petitioner] constitute "prosecutorial misconduct." Dkt. No. 17-1 at 184. Indeed, as explained by Respondent, all of Petitioner's complaints amount to his disagreement with how the prosecution summarized the evidence or the reasonable deductions to be made from the evidence. Petitioner has not shown that the prosecutor's comments made his trial so fundamentally unfair as to deny him due process. Thus, the TCCA reasonably rejected this claim.

In sum, even if Petitioner's federal petition were timely, he has failed to show that the state-court's adjudication of his claims resulted in a decision contrary to clearly established federal law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Thus, the Court finds that the petition should be denied.

**3. Conclusion**

For the reasons discussed above and based on the facts and law set forth in Respondent's answer, the Court finds Petitioner's claims should be denied.

The Court therefore orders:

(1) The petition for writ of habeas corpus is denied and dismissed with prejudice.

(2) All relief not granted is denied, and any pending motions are denied.

(3) Under Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), this Court finds that a certificate of appealability should be denied. For the reasons set forth above and in Respondent's answer, Petitioner has failed to show that reasonable jurists would find (1) this Court's "assessment of the constitutional claims debatable or wrong," or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court will enter judgment accordingly.

Dated January 10, 2025.

JAMES WESLEY HENDRIX
United States District Judge